UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| THEODORE E. MUSGROVE,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER A. YOUNG; OFFICER RUTHS; JAMES FRASIER; and BRIAN CROWL,<br><br>Defendants. | Case No. 1:26-cv-00152-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Theodore E. Musgrove's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1.      Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court

plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A pleading offering "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2.      Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction, currently incarcerated at the Idaho Maximum Security Institution.

Prior to February 19, 2026, Plaintiff engaged in "behaviors that [correctional officers believed] warrant[ed] limiting visual stimulus." *Compl*., Dkt. 3, at 3. Officers cited Plaintiff's habit of openly masturbating and exposing himself in front of prison staff. *Id*. at 4.

As a result, officers covered the window in Plaintiff's cell with opaque magnetic strips. Because correctional officers are required to check on inmates every thirty minutes, they had to remove the magnetic strips, to verify Plaintiff was not in distress, and then replace them. Plaintiff alleges this removal and replacement made slapping noises each time. This occurred for about a

month before Plaintiff filed the instant action. *Id*. These slapping noises caused Plaintiff to have difficulty sleeping. When Plaintiff complained, Defendant Captain Crowl told him the strips would be removed when Plaintiff could "assure" staff that Plaintiff would stop his sexually harassing behavior. *Id*.

Officer A. Young checked on Plaintiff frequently the night of March 16, 2026. For about six hours that night, Young repeatedly shined his flashlight into the cell, knocked loudly on Plaintiff's cell door, and continued to cause noises due to the magnetic strips when Young did each safety check. Young also laughed at Plaintiff, telling him Young needed "proof of life." *Id*. at 5–6. Young also yelled at Plaintiff and called a medical code when Plaintiff was unresponsive. At one point, Plaintiff told Young he would sue Young for depriving Plaintiff of sleep. *Id*.

Early in the morning, Young and Officer Ruths came to Plaintiff's cell "for a tier check." *Id*. at 7. The officers laughed, peeked into Plaintiff's cell, shined their flashlights, and yelled when Plaintiff did not respond to the officers' safety checks. Young came for three other cell checks that morning and continued this routine. *Id*.

Plaintiff sues Crowl, Young, and Ruths, as well as Housing Lieutenant Frasier. Plaintiff asserts the deprivation of sleep violates the Eighth Amendment. Plaintiff also claims Young retaliated against Plaintiff in violation of the First Amendment.

## 3.      Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A.      Standards of Law

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In other words, prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

> ### B.      The Complaint Does Not State a Plausible Eighth Amendment Claim

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment and guarantees the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons … which house persons convicted of serious crimes[] cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, though prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). *Keenan v. Hall*, 83 F.3d 1083, 1090–91 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, a prisoner must show that he is "incarcerated under conditions posing a substantial risk of serious harm" or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

As for the objective prong of the analysis, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, the deprivation alleged must be objectively sufficiently harmful

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

or, in other words, sufficiently "grave" or "serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see Whitley*, 475 U.S. at 319 ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (internal quotation marks and alteration omitted).

With respect to the subjective prong of an Eighth Amendment violation, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319.

To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d 1060. Moreover, even prison officials who *did* actually know of a substantial risk to inmate health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Prison conditions causing "grave sleeping problems" can constitute an Eighth Amendment violation. *Keenan*, 83 F.3d at 1091. However, though "the near-constant deprivation of sleep" may qualify as cruel and unusual punishment, short-term periods of difficulty sleeping caused by a condition of confinement do not violate the Constitution. *Mathis v. Ratelle*, 166 F.3d 1218 (9th Cir. 1999) (Table) (unpublished) (holding that inadequate sleep for seven days was insufficient to

establish unconstitutional condition of confinement and distinguishing a case where the prisoner had been subjected to sleep deprivation as a result of constant illumination over a period of six months).

The Complaint does not plausibly allege Plaintiff has suffered the kind of grave sleep deprivation prohibited by the Eighth Amendment. Plaintiff's sleep has been disturbed, but not to the level of a constitutional violation. Moreover, the noises of which Plaintiff complains are the result of the existence of the magnetic strips and officers' duty to remove them to ensure Plaintiff's safety. As a matter of law, this does not constitute deliberate indifference to Plaintiff's constitutional rights—it is merely the expected result of a security feature required by Plaintiff's own behavior.

Nor do the officers' shining lights and yelling rise to the level of deliberate indifference. The officers were required to check on Plaintiff. To the extent they might have exercised more zeal in undertaking this duty than strictly required, the Complaint plausibly alleges—at most— that the officers may have shown poor judgment or acted negligently, neither of which is a sufficiently culpable state of mind to give rise to an Eighth Amendment violation. *See Farmer*, 511 U.S. at 837.

Finally, the Complaint does not state a plausible Eighth Amendment claim based on the officers' laughing at or harassing Plaintiff. Though such conduct may be unprofessional, verbal harassment or abuse is not a constitutional deprivation under § 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 137–39 (9th Cir. 1987) (allegations that correctional counselor told plaintiff he would transfer him to a higher custody status unit if he tried to go to the law library, and he would be sorry if he filed a class action suit, were not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (no constitutional violation where defendant "personally informed

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

plaintiff that if he never cut his hair and shaved his beard that he would lose what class he had and would have a bad time at Wrightsville" and "verbally abused and threatened him for filing grievances"); *McFadden v. Lucas*, 713 F.2d 143, 147 (5th Cir. 1983) ("While twenty-two officers armed with sticks and threatening demeanor may arguably be excessive, we must, in the absence of physical abuse, concur with the lower court's dismissal. The alleged conduct, absent more, cannot be said to rise to the level of conduct which 'shocks the conscience'") (citation omitted).

For these reasons, the Complaint fails to state a claim upon which relief may be granted under the Eighth Amendment.

### C.    The Complaint Does Not State a Plausible Retaliation Claim

The First Amendment includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: (1) "a state actor took some adverse action" against the inmate; (2) the defendant took the adverse action "because of" the inmate's exercise of protected conduct; (3) the action "chilled the inmate's exercise" of protected conduct; and (4) the action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

"[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Rather, when analyzing a prison official's proffered reasons for allegedly retaliatory conduct, the Court must "afford appropriate deference and flexibility" to that official. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted).

Although the timing of an official's action can constitute circumstantial evidence of retaliation, there must generally be something more than simply timing to support an inference of retaliatory intent. *See id.* at 808. Retaliation is not established simply by showing adverse activity

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

by the defendant *after* protected speech; the plaintiff must show a nexus between the two. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating a retaliation claim cannot rest on "the logical fallacy of *post hoc, ergo propter hoc*, literally, 'after this, therefore because of this'").

Not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

The Complaint asserts only that Officer Young continued checking on Plaintiff by removing and replacing the magnetic strips, yelling, and shining a light into Plaintiff's cell after Plaintiff warned of potential litigation. This is merely a timing allegation and, as such, is not enough to state a plausible retaliation claim. *See Huskey*, 204 F.3d at 899; *Pratt*, 65 F.3d at 808. Additionally, such conduct by Officer Young would not chill or silence a person of ordinary firmness from engaging in protected conduct. *See Mendocino Envt'l Ctr.*, 192 F.3d at 1300.

**4.    Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson*, 588 F.2d at 743. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to File an Amended Complaint (Dkt. 9), construed as a motion to supplement the Complaint, is **GRANTED** to the extent that the Court has accepted Plaintiff's corrections to the identities of the Defendants.

2. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

3. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.

4.    Because an amended complaint is required for Plaintiff to proceed, Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (Dkts. 5 and 8) are **DENIED AS MOOT**.

DATED: June 30, 2026

Amanda K. Brailsford
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12