UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

THEODORE E. MUSGROVE,

Plaintiff,

v.

OFFICER A. YOUNG and OFFICER RUTHS,

Defendants.

Case No. 1:26-cv-00152-AKB

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE**

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 10.

Plaintiff has now filed an Amended Complaint, in which he omits his claims against two former defendants. Dkt. 13. Plaintiff has also filed a Motion to Review the Amended Complaint and a Motion to Add Evidence. Dkts. 14, 15.

The Court retains its screening responsibility under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial Complaint, and the Court will dismiss this case with prejudice.

## 1. Screening Requirement and Pleading Standard

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under §§ 1915 and 1915A, the Court has reviewed only the Amended Complaint found at Docket No. 13 and Exhibits A, B, and C (which are exhaustion-related documents)—not the affidavit or memorandum attached to the Amended Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b) and (c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

**2. Discussion**

As the Court explained in the Initial Review Order, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference

that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. That is, if a plaintiff does not allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]," the complaint is subject to dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff has added no new substantive facts in the Amended Complaint. Once again, he alleges that, during tier checks on the night of March 16, 2026, Defendant correctional officers Young and Ruths disturbed Plaintiff's sleep every thirty minutes by shining flashlights into his cell and making banging noises when removing Plaintiff's window cover. The window cover is magnetic and causes noise when opened and closed. At some point during the night, Plaintiff threatened to sue the officers, and the checks continued. Plaintiff claims these actions violated the First and Eighth Amendments. *See generally* Dkt. 13.

Plaintiff does not dispute that correctional officers are required to check on inmates overnight to ensure they are not in distress. He also does not allege that the window covering was somehow improper.[1]

The Amended Complaint does not plausibly allege that Defendants acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (stating that the subjective prong of an Eighth Amendment claim requires "deliberate indifference," which "entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."). Indeed, the "obvious

---

[1] Though the Amended Complaint glides over the reason for the window covering, the initial Complaint revealed that the covering was required because Plaintiff had been exposing himself to staff and engaging in sexually harassing behavior.

alternative explanation" for Defendants' actions was that they were merely doing their job and ensuring that Plaintiff was not ill or otherwise in distress. *Iqbal*, 556 U.S. at 682 (internal quotation marks omitted). *See Init. Rev. Order* at 7 ("To the extent [Defendants] might have exercised more zeal in undertaking this duty than strictly required, the Complaint plausibly alleges—at most—that the officers may have shown poor judgment or acted negligently, neither of which is a sufficiently culpable state of mind to give rise to an Eighth Amendment violation.").

Not only has Plaintiff failed to plausibly allege deliberate indifference on the part of Defendants, he also has not plausibly alleged that he was at an objectively "grave" or "serious" risk. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A single night of disturbed sleep simply does not rise to the level of cruel and unusual punishment. *See Mathis v. Ratelle*, 166 F.3d 1218 (9th Cir. 1999) (Table) (unpublished) ("[A]lthough the near-constant deprivation of sleep may constitute an unconstitutional condition of confinement, we do not believe that a condition of confinement that occasionally makes sleeping difficult violates the Eighth Amendment.").

The Amended Complaint also fails to state a colorable claim under the First Amendment. Plaintiff claims Defendants' actions were retaliatory, but his only allegation is that Defendants continued the same actions at tier checks after Plaintiff threatened to sue them. This mere timing allegation is insufficient to plausibly allege a retaliatory motive. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). Additionally, the allegations in the Amended Complaint do not give rise to a reasonable inference that a single night of disrupted sleep—something which many people experience, inside or outside of prison—"would chill or silence a person of ordinary firmness from future First Amendment activities" for purposes of a retaliation claim. *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).

### 3. Conclusion

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 15) is GRANTED.
2. Plaintiff's Motion to Add Evidence (Dkt. 14) is GRANTED. The Court has considered Exhibits A, B, and C to the Amended Complaint.
3. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 10), this entire case is DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: September 24, 2026

Amanda K. Brailsford
U.S. District Court Judge